IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

SHERITHA HARRIS,            *

    Plaintiff,            *

vs.                         *
                              CASE NO. 4:18-CV-133 (CDL)
HARVEST ASSOCIATES, INC.,   *

    Defendant.            *

O R D E R

In a text order dated June 24, 2019, the Court observed that although Plaintiff sought a default judgment on the claims she made in her Amended Complaint, she did not point to a certificate of service, proof of service, or other evidence to establish that she served the Amended Complaint on Defendant in accordance with the Federal Rules of Civil Procedure. Text Order (June 24, 2019), ECF No. 14. Because Defendant was not yet in default when Plaintiff filed the Amended Complaint and because the Amended Complaint asserted a new claim for relief, Plaintiff was required to serve it on Defendant.

The Court ordered that if Plaintiff had already served Defendant with the Amended Complaint, she "shall file proof of service within seven days." *Id.* She did not do so. The Court ordered that if Plaintiff had not served Defendant with the Amended Complaint, "she should do so within twenty-one days and

file a proof of service within twenty-eight days." *Id.* Plaintiff did not file a new proof of service or otherwise respond to the text order. On August 21, 2019, the Court issued an order requiring Plaintiff to show cause why this action should not be dismissed for failure to prosecute and failure to comply with the Court's order. Order (Aug. 21, 2019), ECF No. 15; *accord Chinweze v. Bank of Am., N.A.*, No. 18-11727, 2019 WL 3782048, at *3 (11th Cir. Aug. 12, 2019) ("*Sua sponte* dismissal [for failure to prosecute or failure to comply with a court order] is authorized under both Rule 41(b) and the court's inherent powers.").

Plaintiff responded to the show cause order and stated that her attorney attempted service by certified mail on June 25, 2019. But, the certified mail was returned to counsel's office on July 3, 2019. Plaintiff's attorney appears to suggest (though he does not overtly argue) that he did not learn about the returned certified mail on July 3, 2019 because it "was returned to the Michigan office." Groghan Decl. ¶ 5, ECF No. 18-1. Based on the Court's review, however, the certified mail's return address is the same address counsel uses in his filings with this Court. *Compare* Resp. to Show Cause Order Attach. 2, Certified Mail Electronic Delivery Confirmation, ECF No. 18-2 (return address of "22142 W. 9 Mile Rd. Southfield MI 48033-6007") *with* Resp. to Show Cause Order 2, ECF No. 18

2

(counsel's signature block with address of "22142 West Nine Mile Road Southfield, MI 48033"). Thus, counsel should have known in early July that service had not been perfected.

Plaintiff did not present any evidence that she attempted to serve Defendant again after the certified mail was returned but before the Court's show cause order. And, she did not present any evidence that she attempted to serve Defendant again after the Court's show cause order. Plaintiff has shown no good cause for her failure to serve Defendant with the Amended Complaint. Accordingly, this action is dismissed without prejudice for failure to prosecute and failure to comply with the Court's order.

IT IS SO ORDERED, this 6th day of September, 2019.

S/Clay D. Land
CLAY D. LAND
CHIEF U.S. DISTRICT COURT JUDGE
MIDDLE DISTRICT OF GEORGIA